**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

vs.                                                                                            3:96cr76/RV

**LEONARD T. WALKER**

---

## ORDER

The defendant has filed a notice of appeal of this court's order denying his motion pursuant to 28 U.S.C. § 1651(A) to challenge subject matter jurisdiction. (Doc. 182). It does not appear that a certificate of appealability is required under the circumstances of this case. See *Finkelstein v. Spitzer,* 455 F.3d 131, 132 (2nd Cir. 2006) (citing *United States v. Baptiste*, 223 F.3d 188, 189 n.1 (3rd Cir. 2000)); *United States v. Guerra*, 187 Fed. Appx. 414, 415 (5th Cir. 2006); cf. *Galatolo v. United States*, 196 Fed. Appx. 854 (11th Cir. 2006); *United States v. Sullivan*, 2005 WL 2090236 (11th Cir. 2005) (denying certificate of appealability where § 1651 motion was construed ad impermissible second or successive § 2255 motion). Therefore, to the extent that defendant's notice of appeal is properly construed as a request for a certificate of appealability,[1] defendant's request is denied as unnecessary. See *Guerra*, 187 Fed.Appx. at 415.

Defendant has not filed a motion for leave to proceed *in forma pauperis.* The court finds that the appeal is not taken in good faith and he is not otherwise entitled to so proceed. Fed.R.App.P. 24(a)(3). Defendant shall therefore pay the $455.00 filing fee within thirty days.

DONE AND ORDERED this 11th day of February, 2008.

/s/ Roger Vinson
**ROGER VINSON
SENIOR UNITED STATES DISTRICT JUDGE**

---

[1] See *Edwards v. United States*, 114 F.3d 1083 (11TH Cir. 1997) (district courts must treat notices of appeal in Section 2255 actions as applications for certificates of appealability).