**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

**vs.**                                        **Case No: 3:96cr76-001/RV**

**LEONARD THOMAS WALKER**

---

**ORDER and
REPORT AND RECOMMENDATION**

This matter is before the court upon defendant's motion for judgment pursuant to Rule 6(b)(1)(2) governed by 28 USCS § 1863(b)(4) (doc. 226), motion for relief from judgment pursuant to Rule 6(b)(1)(2) governed by 28 U.S.C. § 1867(e) (doc. 227), application to proceed without prepayment of fees (doc. 228), and the government's response to these motions. (Doc. 229).[1]

Defendant has already extensively litigated the alleged illegality of his convictions. This procedural background was set forth in the government's memorandum and need not be repeated here. (See doc. 229 at 2-4).

In the instant motions defendant seeks to reargue issues that he has previously raised regarding alleged improprieties in the grand jury selection and indictment process. In defendant's motion for relief from judgment pursuant to Rule 6(b)(1)(2) governed by 28 U.S.C. § 1867(e) (doc. 227), he asserts that his Fifth Amendment rights were violated because there was never a legally procured

---

[1]The government's response addresses a motion for recusal, which, at the time of this recommendation, had not been docketed by the clerk. The court concurs that there is no legal basis under 28 U.S.C. § 455 for recusing either Senior Judge Lacey A. Collier or Senior Judge Roger Vinson.

indictment and the district court did not have jurisdiction to hear his case.

Fed.R.Crim.P. 6 governs the Grand Jury process. Rule 6(b)(2) provides that a party may move to dismiss an indictment based on an objection to the grand jury as provided in 28 U.S.C. § 1867(e). Title 28 U.S.C. section 1867(a) provides in turn that a challenge to compliance with the grand jury's selection procedures should be brought "before the voir dire examination begins or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier." Title 28 U.S.C. § 1867(e) provides that the procedures prescribed by this section are the "exclusive means by which a person accused of a Federal crime . . . may challenge any jury on the ground that such jury was not selected in conformity with the provisions of this title." Thus, defendant's challenge, fourteen years after the fact, is facially untimely and therefore procedurally barred. It is also factually unsupported by the record.

Defendant contends in his motion that he appeared in court on October 16, 1996 with his attorney Ted Stokes, but that when court was convened the Judge "could not find an indictment" against him. At the court's direction, the clerk went to the Grand Jury room to get the indictment forms and discovered that there was no signature on defendant's indictment, and in fact that there was no place on the form for a signature. The clerk left the courtroom to type a signature block on the form and located Robert W. Nance, one of the Grand Jurors, in the elevator. When Mr. Nance told the court that he was not the foreperson, the court directed the U.S. Attorney to swear him in as the foreperson, at which point both Mr. Nance and the U.S. Attorney signed the indictment. Defendant claims that the endorsement on the indictment was fraudulent and deceptive, and that it was filed in open court without a Grand Jury being seated in the Grand Jury room, which was improper. He also attacks the substance of the indictment, claiming that it did not charge all the elements of each offense and the drug quantity was omitted from the indictment and thus not proven beyond a reasonable doubt, and that the Double Jeopardy clause

was violated.

The defendant set forth the same factual background in case 3:09cv337/MCR, which he brought as a FOIA claim. After review of the criminal record, on March 1, 2010 this court found as follows:

> Plaintiff's repeated assertion that he was at a hearing before Judge Collier on October 16, 1996 is simply unsupported by court records. The docket sheet in plaintiff's criminal case reflects that the indictment and an "information sheet" were filed on October 16, 1996. Magistrate Judge Susan M. Novotny signed an order for issuance of an arrest warrant for Walker on that same date, but the warrant was no returned executed until November 14, 1996. (Case 3:96cr76/RV, doc. 3 & 5). Walker's first appearance was held the following day, on November 15, 1996 and Judge Novotny entered an order of temporary detention and appointed the Office of the Federal Public Defender to represent defendant Walker. (*Id.,* doc. 6, 7, 8). He was arraigned on November 19, 1996 represented by attorney James E. Taylor and ordered detained. (*Id.*, doc. 10, 11, 14 & 15). Attorney Ted Stokes, who defendant alleges was present with him on October 16, 1996 did not enter his notice of appearance until December 6, 1996. (*Id.*, doc. 17). Thus there is no record support for plaintiff's assertion that he appeared before Judge Collier, or any judge, on October 16, 1996, or his suggestion that the criminal docket contains wholly inaccurate information.

Case 3:09cv337/MCR (doc. 27). Defendant has offered no further information or evidence to alter the conclusion reached in the prior civil case, and because there is no support for defendant's version of events, his claim fails.

Defendant's assertion that the indictment did not protect him from double jeopardy is also procedurally barred and factually unsupported. The two count indictment charged him with conspiracy to possess cocaine during September of 1996 and possession of cocaine on September 3, 1996. To the extent that he claims that the two charged offenses subjected him to a violation of the Double Jeopardy clause, his argument fails. In *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Supreme Court explained that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each

provision requires proof of a fact which the other does not." See *Texas v. Cobb*, 532 U.S. 162, 121 S.Ct. 1335, 149 L.Ed.2d 321 (2001) (citing *Blockburger*, 284 U.S. at 304, 52 S.Ct. 180); *United States v. Hassoun*, 476 F.3d 1181, 1185 (11th Cir. 2007). The *Blockburger* test is applied with a focus on the statutory elements of the offense. "If each requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes." *Hassoun*, 476 F.3d at 1185 (quoting *Albernaz v. United States*, 450 U.S. 333, 338, 101 S.Ct. 1137, 1142, 67 L.Ed.2d 275 (1981) (quoting *Iannelli v. United States*, 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1293 n. 17, 43 L.Ed.2d 616 (1975)). A conspiracy requires proof of an agreement and does not necessarily require that the defendant was caught "red-handed" with drugs, while the opposite is true for a possession charge. Thus, defendant's indictment charging him with two controlled substance offenses did not subject him to a violation of the constitutional prohibition on Double Jeopardy.

Finally, his claim that the quantity of drugs attributed to him was not tried to the jury and proven beyond a reasonable doubt must also fail. First, of course, it is procedurally barred. Second, *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000) the seminal case holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt" was not decided until June 26, 2000, well after defendant was convicted, and thus was not applicable to his trial. Lastly, the life sentences he received were not in excess of the prescribed statutory maximum. For the foregoing reasons, defendant's motion should be denied.

In defendant's motion for judgment pursuant to Rule 60(b)(1)(2) governed by 28 USCS § 1863(b)(4) (doc. 226), he requests that a subpoena be issued for Robert W. Nance who served as a juror in his criminal case. His citation to 28 U.S.C. § 1863 in the title of his pleading is the only legal citation he offers in support of his request.

Title 28 U.S.C. § 1863 governs the district court's plan for random jury selection. He offers no argument in support of the issuance of the subpoena, and there is no apparent legal basis for it. Mr. Nance's alleged participation is outlined above. He was not a petit juror but rather a grand juror. Any challenge to either the grand or petit jury panel was procedurally defaulted, and additionally, defendant has failed to show anything substantively that would give the Court reason to review either a grand or petit jury selected fourteen years ago. The motion should be denied.

Accordingly it is ORDERED:

Defendant's motion to proceed without prepayment of fees (doc. 229) is DENIED as moot.

And, based on the foregoing, it is respectfully RECOMMENDED:

The motions for judgment pursuant to Fed.R.Crim.P. 6(b)(1)(2) (doc. 226 and 227) be DENIED.

At Pensacola, Florida, this 12th day of July, 2010.


/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).