**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

**vs.** **Case No: 3:96cr76-001/RV**

**LEONARD THOMAS WALKER**

---

## REPORT AND RECOMMENDATION

Defendant filed motions pursuant to Fed.R.Crim.P. 6(b)(1)(2), governed by U.S.C.A. § 1863 and 28 U.S.C.A. § 1867(e) (doc. 226 & 227) to which the government responded. (Doc. 229). After a discussion of the merits of the arguments raised in the defendant's motions, this court entered a recommendation that they be denied. (Doc. 230). The district court adopted the recommendation (doc. 236) and the defendant appealed. This matter is now before the court upon referral by the district court (doc. 253) after the Eleventh Circuit's limited remand of this case. (Doc. 252).

The appellate court remanded this action for the district court to clarify the legal basis upon which it analyzed and disposed of defendant's motions for relief from judgment. In doing so, the Eleventh Circuit noted that neither the rule nor statutes cited by the defendant confer jurisdiction on the district court to consider collateral attacks on a defendant's conviction and sentence. (Doc. 252 at 3). It also noted that ordinarily the proper vehicle for collaterally attacking a federal sentence is a motion to vacate pursuant to 28 U.S.C. § 2255. As such district courts are authorized to recharacterize pro se motions for relief from a criminal judgment as a § 2255 motion. In addition to this authority, trial courts also have an obligation to look beyond the label of the motion filed by a pro se litigant to determine whether the

motion is cognizable under a different remedial statutory framework. Despite this latitude afforded to the court, in the instant case, there is no apparent jurisdictional basis for the defendant's collateral challenges to his convictions and sentence. Defendant's conviction became final in 1998 (doc. 62), and his first motion to vacate was denied in 1999. (Doc. 70).[1] Although this court's initial recommendation conducted a review akin to that conducted pursuant to 28 U.S.C. § 2255, relief or review pursuant to this statute is no longer available to him unless he first obtains leave from the Eleventh Circuit to file a second or successive motion in this court. See 28 U.S.C. 2255(h). Because he previously filed an unsuccessful § 2255 motion, recharacterization of the instant motions would not be proper. Furthermore, no other jurisdictional basis is apparent from the record. Therefore, this court's merits review of the defendant's claims was improvident.[2]

Accordingly, it is respectfully recommended:

That the district court's order adopting this court's merits-based recommendation be vacated; and

That the defendant's motions for judgment pursuant to Fed.R.Crim.P. 6(b)(1)(2) (doc. 226 and 227) be DENIED for lack of jurisdiction to consider the claims raised therein.

At Pensacola, Florida, this 14th day of December, 2010.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

---

[1]Defendant has filed numerous subsequent post-conviction motions. (Doc. 87, 112, 139, 153, 178, 213).

[2]Even if there were, for the reasons stated in the court's previous recommendation, defendant has not established his entitlement to relief.

## <u>NOTICE TO THE PARTIES</u>

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**